## WILLIAM H. STONE *vs.* PEOPLES SAVINGS BANK.

### PROVIDENCE—MARCH 16, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A writ, on which there had been an attachment of money in the possession of a
trustee, was duly entered in a District Court, and the case certified to the
Common Pleas Division of the Supreme Court for a jury trial. Thereafter-
wards, and before final judgment, a bond for the release of the attachment
was delivered to the clerk of the District Court, who gave to the defendant a
copy of the writ attested by the clerk of the Common Pleas Division, and
certified thereon that he had accepted the bond and released the attachment:—
*Held*, that the action of the clerk of the District Court was regular and conformed
to Gen. Laws R. I. cap. 253, §§ 23, 24, 25.

ACTION OF THE CASE for money attached in the possession
of a garnishee.   Heard on exceptions to the rulings of a Dis-
trict Court.

MATTESON, C. J.   One of the questions presented by the
pleadings, and the only one which it is necessary to consider,
is whether the clerk of the District Court for the Sixth Judi-
cial District, to which. the writ in the case of the plaintiff
against Laselle was returnable and had been returned, had
power to take the action prescribed by Gen. Laws R. I. cap.
253, §§ 24, 25, after the case had been certified to the Com-
mon Pleas Division for jury trial, but before final judgment
had been rendered.

We think the question must be answered in the affirmative.
Gen. Laws R. I. cap. 253, §§ 23, 24, 25, provide that when-
ever a writ shall command the attachment of the personal
estate of a defendant in the hands or possession of a person,
copartnership or corporation, as trustee, the defendant may
at any time after service of it upon the trustee, and before
final judgment, deliver to the officer who served the writ a
bond, in the penal sum of the amount of damages laid in the
writ, signed by the defendant or some one in his behalf, with
surety or sureties to the satisfaction of. the officer, with con-
dition that the same shall be null and void if the final judg-

ment in the action or cause in which such writ was served shall forthwith be paid and satisfied after the rendition thereof ; that in case the writ shall have been returned to the court to which it is returnable, and duly entered therein, such bond shall be delivered to the clerk of the court to which the writ is returnable, and such clerk, on the acceptance of such bond, shall forthwith deliver to the person, copartnership or corporation named as trustee in the writ, a certified copy of the writ, with an indorsement thereon signed by him setting forth that he has accepted such bond and released the personal estate in the hands of the trustee from attachment, and that thereupon the personal estate in the hands or possession of the trustee shall become discharged from the attachment.    There is no provision depriving the clerk of a District Court of authority to take the action because the case has been certified to the Common Pleas Division for jury trial.    It is suggested that he has not the authority because he no longer has custody of the papers, and consequently cannot certify the copy of the writ to be delivered to the trustee.    The statute, however, does not require that the copy shall be certified by the clerk of the District Court, but merely that it shall be a certified copy.    If the case has gone to the Common Pleas Division, we see no reason why the copy of the writ may not be certified by the clerk of that Division, as was done in the case of *Stone* v. *Laselle*, and endorsed by the clerk of the District Court as the statute requires.

It is quite probable that the framer of the statute did not have in mind that the suit might be certified to another court before final judgment should be rendered, and, therefore, failed to provide that the procedure for the discharge of the attachment after it had been so certified should be taken by the clerk of the court in which the suit should be pending. But so long as the statute provides for a discharge of an attachment by the procedure taken by the clerk of the District Court, we cannot say that his authority has been ousted by the certifying of the case to the Common Pleas Division.

The attachment having been discharged, the Common

Pleas Division was without jurisdiction to make the order charging the defendant as garnishee.

Exceptions to the rulings of the District Court for the Eighth Judicial District overruling the demurrers to the replications to the second plea sustained, and case remitted to said court for further proceedings.

*Marquis D. L. Mowry*, for plaintiff.

*James Tillinghast, William R. Tillinghast, and Theodore F. Tillinghast*, for defendant.